UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSHUA M.,[1]

|                          |                    |
| ------------------------ | ------------------ |
| Plaintiff,               | Case # 23-CV-1025-FPG |
| v.                       | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, |            |
| Defendant.               |                    |

## INTRODUCTION

Plaintiff Joshua M. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 7. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In April 2021, Plaintiff protectively applied for DIB and SSI with the Social Security Administration ("SSA"). Tr.[2] 15. He alleged disability since December 15, 2020. Tr. 271. The claim was initially denied on June 22, 2021, and upon reconsideration on October 7, 2021.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

1

Tr. 15.  On June 30, 2022, Administrative Law Judge Jude B. Mulvey (the "ALJ") held a hearing. Tr. 33–65.  The ALJ issued a decision on July 21, 2022, finding that Plaintiff was not disabled. Tr. 15–27.  Plaintiff requested review by the Appeals Council, but the request was denied on August 1, 2023.  Tr. 1–5.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

2

work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 ("Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)–(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

**DISCUSSION**

### I.    The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 18.  At step two, the ALJ found that Plaintiff had severe impairments of complex partial seizure disorder without intractable epilepsy and a learning disorder.  Tr. 18.  At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments in Appendix 1 of Subpart P of Regulation No. 4.  Tr. 18–21.

Next, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels but with some nonexertional limitations.  Tr. 22–25.  At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work.  Tr. 25.  At step five, the ALJ found that, given his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 25.  Accordingly, the ALJ found that Plaintiff is not disabled.  Tr. 26.

### II.    Analysis

Plaintiff argues that remand is warranted because the ALJ failed to: (1) incorporate Dr. L. Haus' opinion that Plaintiff has moderate nonexertional limitations in the RFC finding; and (2) evaluate Plaintiff's visual impairment in the decision.  ECF No. 6-1.  The Court analyzes each argument below.

#### a.    Incorporation of Moderate Limitations from Dr. Haus' Opinion

Dr. Haus opined that Plaintiff has moderate limitations in his ability to (1) perform activities within a schedule, (2) maintain regular attendance, (3) be punctual within customary tolerances, (4) sustain an ordinary routine without special supervision, and (5) respond

appropriately to changes in the work setting.  Tr. 109, 111.  He also found that Plaintiff is moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  Tr. 109.  The ALJ found this opinion to be persuasive because it was supported by the findings during the consultative evaluation, Plaintiff's educational records, and Plaintiff's work history.  Tr. 24.  After considering the evidentiary record, other medical opinions, and the hearing testimony, the ALJ found that Plaintiff had certain nonexertional limitations that allowed him, *inter alia*, to perform simple, routine, repetitive work involving only simple, work-related decisions and few, if any, workplace changes.  Tr. 24–25.

Plaintiff contends that the ALJ's RFC determination does not reflect the limitations assessed by Dr. Haus that the ALJ considered persuasive.  ECF No. 6-1 at 14–17.  Plaintiff argues that restricting him to simple, routine, and repetitive work does not implicitly account for his limitations in sustaining an ordinary routine and regular attendance.  *Id.* at 15.  Plaintiff thus maintains that the ALJ failed to comport with the moderate limitations identified by Dr. Haus and that this error is not harmless.  *Id.* at 15–16.  The Court disagrees.

Contrary to Plaintiff's argument, the ALJ did account for Dr. Haus' restrictions.  Courts generally find that "moderate limitations in some or all areas of mental functioning may be accounted for in an RFC by limiting a plaintiff to simple, routine work."  *Denise Marie T.-W. v. Comm'r of Soc. Sec.*, No. 22-CV-00327, 2024 WL 4162490, at *6 (W.D.N.Y. Sept. 12, 2024) (collecting cases).  Here, the ALJ limited Plaintiff to simple, routine, and repetitive tasks, among other limitations, which accounted for the moderate limitations contained in Dr. Haus' opinion.  *See, e.g.*, *Shannon v. Berryhill*, No. 16-CV-06796, 2018 WL 6592181, at *3 (W.D.N.Y. 2018) ("There is significant case law indicating that the ALJ's limitation of Plaintiff to 'simple, routine

tasks' and 'working primarily alone, with only occasional supervision' accounts for her limitations for performing activities within a schedule and maintaining regular attendance"); *Renalda R. v. Comm'r of Soc. Sec.*, No. 20-CV-00915, 2021 WL 4458821, at *10 (N.D.N.Y. Sept. 29, 2021) (collecting cases) (holding that by limiting the plaintiff to simple work involving simple instructions and decisions, the ALJ incorporated into the RFC moderate limitations that were supported by the record and the medical expert's opinion). Therefore, Plaintiff's claim that the ALJ failed to properly assess Dr. Haus' opinion has no merit and remand is not warranted on this ground.

### b. Evaluation of Plaintiff's Visual Impairment

Plaintiff argues that he was diagnosed with quandrantanopia, which restricts Plaintiff's visual field to the lower left quadrant of each eye. ECF No. 6-1 at 18. Plaintiff contends that the ALJ erred by failing to consider this impairment as a severe impairment or as a limitation when reaching the RFC finding. *Id.* at 17–21. Defendant objects, arguing that Plaintiff failed to prove a more restrictive RFC as Plaintiff did not mention this impairment when filing his disability claim and because the substantial evidence supports the ALJ's RFC findings. ECF No. 7-1 at 17–22.

An "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184 (July 2, 1996). "When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." *Id.* Plaintiff bears the "burden to demonstrate functional limitations that preclude any substantial gainful activity." *Reynolds v. Comm'r of Soc. Sec.*, No. 12-CV-1167S, 2019 WL 2020999, at *4 (W.D.N.Y. May 8, 2019).

The Court does not find Plaintiff's argument convincing. First, the record does not show that the alleged visual impairment would have affected Plaintiff's ability to work on a regular and continuing basis. Plaintiff relies on a medical record dated June 2020 to argue that he was diagnosed with quandrantanopia. ECF No. 6-1 at 18; Tr. 461–62. Yet not only is this record dated before Plaintiff's alleged onset date of December 15, 2020, Tr. 271, but it also states that while Plaintiff "does have a left occipital visual field cut[,] [it] does not bother him on a daily basis," Tr. 460. Examinations of Plaintiff that were conducted after the alleged onset date also indicate that Plaintiff has no visual limitations. Tr. 74, 106.

During the hearing in June 2022, the ALJ asked Plaintiff's attorney whether there were "any other impairments that [he] wanted [the ALJ] to consider" apart from the complex partial seizure disorder, epilepsy, learning disorder, anxiety disorder, and depressive disorder; Plaintiff's attorney answered, "No, those are the big ones." Tr. 39. Plaintiff also failed to testify about suffering from quandrantanopia during the hearing. Therefore, there is no evidence that Plaintiff had visual limitations or restrictions of a specific functional capacity that would have impacted his ability to work on a regular and continuing basis. *See* SSR 96-8p, 1996 WL 374184 (July 2, 1996). Accordingly, the ALJ's failure to account for Plaintiff's alleged quandrantanopia does not provide a basis for remand. *See Johnson v. Comm'r of Soc. Sec.*, No. 17-CV-5598, 2018 WL 3650162, at *15 n.11 (S.D.N.Y. July 31, 2018) (holding that the ALJ's failure to reach a determination about the plaintiff's impairments provided no basis for remand because the record contained no evidence that the plaintiff had any limitations or restrictions that were caused by the impairments); *Vasquez v. Berryhill*, No. 16 Civ. 6707, 2017 WL 1592761, at *21 (S.D.N.Y. May 1, 2017).

Plaintiff's claim that the ALJ dismissed his claim of experiencing blurry vision is similarly without merit. During the hearing, Plaintiff discussed how his vision becomes blurry when he

suffers from panic attacks.  Tr. 46–47.  When formulating the RFC, the ALJ incorporated Plaintiff's testimony that "his vision becomes blurry" when feeling panicked and accordingly set nonexertional limitations that Plaintiff can only tolerate a low level of work pressure.  Tr. 22. Therefore, the ALJ explicitly accounted for Plaintiff's blurry vision in the RFC decision and remand is not warranted on this ground.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED.  The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:  April 28, 2026
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York